UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER MYERS,

       Petitioner,

                                            CASE NO. 05-CV-74703-DT
v.                                   JUDGE GEORGE CARAM STEEH
                                            MAGISTRATE JUDGE PAUL KOMIVES

HAROLD WHITE,

       Respondent,
_____/

## REPORT AND RECOMMENDATION

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss the petition and deny petitioner's motion for equitable tolling.

II.    REPORT:

A.    *Procedural Background*

Petitioner Chester Myers is a state prisoner confined at the Parnall Correctional Facility in Jackson, Michigan. Petitioner was originally convicted in 1992 of second degree criminal sexual conduct pursuant to his plea of guilty in the Wayne County Circuit Court.[1] On December 1, 1992, petitioner was sentenced to a term of one year imprisonment to be followed by a five-year probation term. On June 12, 1998, while on probation, petitioner pleaded guilty to one count of second degree criminal sexual conduct in the Monroe County Circuit Court, and on July 24, 1998, he was

---

[1]Petitioner was actually convicted in the Detroit Recorder's Court. Subsequent to his conviction, the Recorder's Court was merged with the Wayne County Circuit Court. For simplicity, I refer simply to the Wayne County Circuit Court.

sentenced to a term of 3-15 years' imprisonment. The following day, a bench warrant was issued by Wayne County for a probation violation based on the Monroe County conviction. On January 20, 1999, the Wayne County Circuit Court found petitioner guilty of violating his probation and sentenced him to a term of 6-15 years' imprisonment. Petitioner did not file a direct appeal challenging this conviction.

On January 14, 2004, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509.[2] The trial court denied petitioner's motion on the same date. Petitioner's delayed application for leave to appeal to the Michigan Court of Appeals was denied on January 3, 2005, *see People v. Myers*, No. 255687 (Mich. Ct. App. Jan. 3, 2005), and his application for leave to appeal to the Michigan Supreme Court was denied on October 31, 2005, *see People v. Myers*, 474 Mich. 896, 705 N.W.2d 127 (2005).

On November 28, 2005,[3] petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his probation revocation on two grounds: (1) ineffective assistance of counsel at the revocation hearing; and (2) denial of due process by the trial court's failure to advise him of his right to appeal. Concurrently, petitioner filed a motion for

---

[2]In his motion for equitable tolling, petitioner contends that he filed his motion for relief from judgment on May 21, 2001. However, the trial court docket sheet filed by respondent shows no filing on this date, and instead indicates that the motion for relief from judgment was filed on January 14, 2004. As explained below, petitioner's application is untimely even if his motion for relief from judgment was filed on May 21, 2001.

[3]Although petitioner's application is file-stamped December 12, 2005, it was dated by petitioner on November 28, 2005. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on November 28, 2005.

equitable tolling, arguing that he is entitled to equitable tolling of the limitations period based on the trial court's failure to advise him of his right to appeal the probation revocation. On June 20, 2006, respondent filed a motion to dismiss, arguing that the petition is barred by the one-year limitations period governing habeas applications. Petitioner filed a response to the motion on July 27, 2006. For the reasons that follow, the Court should grant respondent's motion to dismiss and deny petitioner's motion for equitable tolling.

B.    *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[4]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not contend that any of the circumstances of subparagraphs (B) through (D) are applicable, and thus only the first starting provision need be considered. Under subparagraph (A) of § 2244(d), the limitations period commences on the date that the conviction becomes final. By the plain terms of that provision, "a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later." *Wilberger v. Carter*, 35 Fed. Appx. 111, 114 (6th Cir. 2002) (citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *overruled in part on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004)). Here, petitioner's probation was revoked on January 20, 1999. Pursuant to the Michigan Court Rules, petitioner had 42 days in which to file an appeal of right, *see* MICH. CT. R. 7.204(A)(2), or, barring the filing of such an appeal, one year in which to file a delayed application for leave to appeal, *see* MICH. CT. R. 7.205(F)(3). Thus, petitioner's conviction became final on January 20, 2000, and absent any tolling the limitations period expired one year later on January 20, 2000, when the time for filing a delayed application for leave to appeal expired.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner's motion for relief from judgment was filed on either May 21, 2001 (as asserted by petitioner), or on January 14, 2004 (as

---

[4]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

reflected in the state court docket sheet). In either event, by the time the motion was filed the limitations had already expired. The tolling provision of paragraph (d)(2) stops the limitations period from running; it does not, however, reset the limitations clock. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Because the limitations period had already expired, petitioner's motion for relief from judgment did not toll the limitations period. *See McMurray*, 136 Fed. Appx. at 817; *Vroman*, 346 F.3d at 602. Thus, petitioner's habeas application is untimely.

C.      *Equitable Tolling*

Petitioner does not contest that his application is untimely under § 2244(d). Rather, he contends that he is entitled to equitable tolling of the limitations period based on the trial court's failure to advise him of his right to appeal the revocation decision. Petitioner contends that this failure violated Michigan Court Rule 6.445, which in relevant part provides:

> In a case involving a sentence of incarceration [after revocation of probation], the court must advise the probationer on the record, immediately after imposing sentence, that
>    (a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
>    (b) the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.

MICH. CT. R. 6.445(H)(1). Based on the trial court's failure, petitioner contends that he is entitled to equitable tolling. The Court should disagree.

The Sixth Circuit has held that the habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly[.]" *Id*. at 1008. In determining whether equitable tolling is appropriate, the Court must

consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id*. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Here, petitioner cannot show that he lacked constructive knowledge of his appeal rights, because those rights are clearly set forth in the Michigan Court Rules. Even if the state court violated state law in not informing petitioner of his appellate rights, nothing the trial court did or did not do prevented petitioner from complying with the state filing requirements. Petitioner's argument is nothing more than a general claim that he did not know about the filing deadlines. It is well established that such ignorance, however, does not constitute a basis for equitable tolling. petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Thus, the trial court's failure to advise petitioner of his appellate rights does not constitute the type of extraordinary circumstance justifying equitable tolling of the limitations period. *See Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (state court's failure to inform petitioner of his appeal rights did not entitle petitioner to equitable tolling in part because petitioner's ignorance of the law did not excuse his failure to timely file). Accordingly, the Court should conclude that there is no basis for equitably tolling the limitations period.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss the petition and deny petitioner's motion for equitable tolling.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 13, 2006.

s/Susan Jefferson