UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER MYERS,

        Petitioner,

vs.

        Case No. 05-CV-74703
        HON. GEORGE CARAM STEEH

HAROLD WHITE,

        Respondent.

_____/

## ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION (#17), DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (#3) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Chester Meyers, appearing pro se, filed a December 12, 2005 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 20, 1999 state court sentence of six to fifteen years incarceration for a probation violation relative to a 1992 plea-based conviction for second degree criminal sexual conduct and a resulting December 1, 1992 sentence of one year incarceration and five years probation. The probation violation was based on petitioner's June 12, 1998 plea-based conviction in state court for second degree criminal sexual conduct, for which petitioner was sentenced to three to fifteen years imprisonment. Petitioner also filed a December 12, 2005 motion for equitable tolling of the applicable statute of limitations. On referral from this court, Magistrate Judge Paul J. Komives issued a seven-page September 13, 2006 Report and Recommendation recommending that the petition be denied as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d). After articulating the relevant factors to be considered in

determining whether equitable tolling is appropriate[1], Dunlap v. United States, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001), Magistrate Komives reasons that equitable tolling is not warranted based on petitioner's pro se status and asserted claim that he was unaware of the time requirements for filing an appeal or motions for post-conviction relief in state court.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  See also Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

Petitioner does not contest the expiration of the one-year statute of limitations, and has not advanced a meaningful objection for the denial of equitable tolling.  See Lattimore v. DuBois, 311 F.3d 46, 55 (1st Cir. 2002); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Having reviewed the Report and Recommendation,

IT IS ORDERED that Magistrate Judge Paul Komives' September 13, 2006 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Chester Meyers' petition for a writ of habeas corpus is hereby DISMISSED.

Before petitioner can appeal this court's decision, a certificate of appealability must

---

[1] "[F]ive factors to consider when determining the appropriateness of equitably tolling a statute of limitations [are]: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  Dunlap, 250 F.3d at 1108 (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir.2000)).

2

issue. 28 U.S.C. §2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a CERTIFICATE OF APPEALABILITY is hereby DENIED.

  SO ORDERED.

              s/George Caram Steeh
              GEORGE CARAM STEEH
              UNITED STATES DISTRICT JUDGE

Dated: September 29, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 29, 2006, by electronic and/or ordinary mail.

              s/Josephine Chaffee
              Secretary/Deputy Clerk